TRIBOROUGH BRIDGE AUTHORITY, Plaintiff, *v.* BRONX TOWING LINE, INC., et al., Defendants.

Supreme Court, Trial Term, New York County, December 28, 1944.

*Frederic Conger* for Pennsylvania Railroad Company, defendant.

*Christopher E. Heckman* for Bronx Towing Line, Inc., and another, defendants.

*Ignatius M. Wilkinson, Corporation Counsel (Edwin M. Bourke* of counsel), for plaintiff.

FRANKENTHALER, J. Plaintiff's Triborough Bridge was, on April 14, 1943, at about 5:00 A.M., struck and its Harlem River span damaged by a derrick lighter of defendant Pennsylvania Railroad Company in tow of a tug owned by defendant David J. Conroy, Inc., and operated for it by defendant Bronx Towing Line, Inc.

The Harlem River span is a vertical lift span with necessary equipment to permit the opening of a bridge for passing of river traffic whenever vessels cannot pass under the bridge in its seated position.

The rules and regulations prescribed by the Secretary of War for opening and operating of the draws in the bridges crossing the Harlem River in effect at the time of the collision, provided in rule 4 thereof that " When a steam vessel wishes to pass the bridge * * * the master thereof shall signify his intention by three blasts of the whistle " and " If the draw is ready to be opened, the signal shall be answered by three blasts of the whistle from the bridge; if the draw is not ready for opening by two blasts from the bridge."

On the occasion in question the captain of the tug approached the bridge from the southeast, intending to pass it. It was sufficiently dark to prevent him from knowing whether the lift span was in the seated or raised position and sufficiently dark to prevent the lift span operator from seeing the hoisting boom, the superstructure of the lighter. The captain did not blow the three blasts of the whistle as required by the aforesaid regulations and heard no blasts from the bridge. The lift operator not receiving the signal that the captain of the tug wished to pass the bridge and having no information to indicate the need to raise the lift span, failed to open the bridge. As the tug attempted to pass the bridge the collision occurred. The defendants who are the owners and operators of the tug offered testimony that on frequent occasions during the daytime and on rare occasions at night the lift was raised without signal from approaching vessels, but no custom to do so at night or when the visibility was as low as at the time of the collision, was established. Even if proven, such a custom could not be set up in derogation of the statutory regulation by the captain of the tug whose duty it was to comply with the regulation (*The La Fayette Lamb,* 20 F. 319). I hold that the collision and the resulting damage were due solely to the negligence of

the captain of the tug in failing to blow the three blasts and that no negligence of plaintiff's employees contributed thereto. Plaintiff is accordingly entitled to recover from the owner and the operator of the tug the reasonable cost of the repair of the damage to the bridge, to wit, $7,482 with interest from June 25, 1943, the date when plaintiff paid that sum for the repair.

In seeking to hold the defendant Pennsylvania Railroad Company liable, plaintiff relies chiefly upon said defendant's failure to have a lookout stationed on the lighter and upon the presumption of negligence against the owner of a moving vessel in colliding with a bridge. (*P. R. R. Co.* v. *Eastern Transp. Co.*, 1935 A. M. C. 1285.) I find that the collision was not caused by the failure of the owner of the lighter to have a lookout stationed thereon, nor did that fact contribute toward the collision (*The Farragut*, 10 Wall. [U. S.] 334.) As to the presumption of negligence on the part of the Pennsylvania Railroad Company above referred to, there is a doubt as to whether it applies when the colliding vessel is in tow (see *Baker, Carver & Morrell Ship Supplies* v. *Mathiasen, etc.*, 140 F. 2d 522), but in any event the presumption may be rebutted (*Wilmington Ry. Bridge Co.* v. *Franco-Ottoman S. Co.*, 259 F. 166). The presumption, if it exists, has here been overcome and said defendant has been shown to be free from negligence in connection with this collision. Its lighter was attached by three lines to the side of the tug, it had no power or steering apparatus and it was under the exclusive command and direction of the master of the tug. The owner of the lighter cannot be held liable for damage caused by the collision which occurred solely through negligence in the navigation of the tug. (*Sturgis* v. *Boyer et al.*, 24 How. [U. S.] 110; *Naamlooze Venootschap, etc.*, v. *Moran Towing & Transp. Co.*, 9 F. 2d 614). No independent negligence on the part of the lighter was shown (*Baker, Carver & Morrell Ship Supplies* v. *Mathiasen, etc., supra*).

The motion of the defendant Pennsylvania Railroad Company to dismiss the complaint as against it is granted and the motion of the defendants David J. Conroy, Inc., and Bronx Towing Line, Inc., are denied. Findings having been waived let judgment accordingly be entered in favor of the plaintiff against the defendants David J. Conroy, Inc., and Bronx Towing Line, Inc., for $7,482 with interest from June 25, 1943, and in favor of the defendant Pennsylvania Railroad Company dismissing the complaint as to it on the merits.